UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

       *Plaintiff,*

v.                                                               Case No. 12-cr-189 (8)

NICOLE TALSKY,

       *Respondent.*

## MOTION TO RECONSIDER

Defendant Nicole Talsky, by undersigned counsel, respectfully requests that this Court reconsider its August 8, 2013 decision denying Talsky's request to reopen the detention hearing. Grounds for this motion are stated below.

## PROCEDURAL HISTORY

On September 11, 2012, the grand jury returned a one-count indictment against Talsky and 10 others alleging a conspiracy to distribute drugs. Talsky was arraigned on October 2, 2012 and released on bond to complete a 30-day in-patient drug treatment program. Upon her successful completion of the program, Talsky remained out of custody with conditions. On March 7, 2013, the court, the Hon. Nancy Joseph presiding, revoked Talsky's bond and ordered her detained. A little over a week later, the court *sua sponte* held a hearing and ordered her released on electronic monitoring. The government appealed and this Court overruled the magistrate's decision.

On July 23, 2013, Talsky filed a motion to reopen the detention hearing and release her from the Dodge County Jail with conditions. Among the grounds she offered in support of her motion, Talsky explained that she suffers from severe headaches due to the Marshal's refusal to let her see an orthodontist. She also explained that her wisdom teeth have started coming in, causing her additional pain.

The government opposed Talsky's motion. As it relates to her dental needs, the government informed the court that her request to see her orthodontist was denied

"because the U.S. Marshals Service has not deemed changing rubber bands on braces as requiring immediate medical care." R209. The government did not address Talsky's assertions that she is in pain as a result of incoming wisdom teeth.

## ARGUMENT

The constitutional rights of a pre-trial detainee are derived from the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, fn.16 (1979). Without question, a pre-trial inmate's constitutional rights differ from a convicted inmate's Eighth Amendment protections. *Id.* A pre-trial detainee is entitled to "*at least* as much protection as the constitution provides convicted prisoners." *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005) (emphasis in original). The Eighth Amendment protects an inmate from a government actor's "deliberate indifference to his basic needs." *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003). This protects a detainee from deliberate indifference to her "*current* serious health problems, but also from deliberate indifference to conditions posing an unreasonable risk of serious damage to *future* health." *Farnham*, 394 F.3d at 479 (emphasis in original).

The Seventh Circuit has repeatedly said that dental care is one of the most important medical needs of inmates. *Id.* at 480; *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). The Marshals' refusal of treatment because it did not deem replacement of rubber bands important is without any basis. It took Talsky over three months to learn that her request to see her orthodontist was denied. And it wasn't until the government's letter that she learned *why* it was denied.

The Marshals may not think it matters, but her orthodontist obviously does, having ordered Talsky to see her every month to change the position of the rubber bands. According to the American Association of Orthodontists, rubber bands help move teeth toward their final position. *See* http://www.mylifemysmile.org/glossary (last visited August 13, 2013). Rubber bands make Talsky's upper and lower teeth align, while her braces make her teeth straight. Failure to wear them or wearing them in the wrong position can have future consequences and, at a minimum, prolong treatment.

The Marshals aren't in a position to assess her complaints relating to her incoming wisdom teeth without her first being assessed by a dentist. And while Talsky is likely to resolve her case short of trial, it may take several more months before she is sentenced. If that sentence includes a prison sentence, it could take even longer for her to see a dentist.

Wisdom teeth are the last teeth to develop and usually come in between the ages of 17 and 25. Talsky, at age 21, is square in the middle of that range. While it is unknown if any of Talsky's incoming wisdom teeth are impacted without an assessment by a dentist, "[n]ine out of ten people have at least one impacted wisdom tooth." *See* American Association of Oral and Maxillofacial Surgeons http://www.aaoms.org/conditions-and-treatments/wisdom-teeth/ (last visited August 13, 2013). If left in the mouth, impacted wisdom teeth can cause neighboring teeth or become infected. "Because the third molar area of the mouth is difficult to clean, it is a site that invites the bacteria that leads to gum disease. Furthermore oral bacteria may travel from [the] mouth through the bloodstream, where it may lead to possible systemic infections and illnesses that affect the heart, kidneys and other organs." *Id.* Thus, Talsky's dental needs relate to current serious health problems that if untreated could lead to future health problems.

## CONCLUSION

Talsky's dental issues are real and are going untreated. The Dodge County Jail does not have a dentist on staff and the Marshals have arbitrarily refused treatment. Although detained, Talsky still has a constitutional right have her basic needs met, which includes dental care. Her needs are not being met in custody. Accordingly, Talsky respectfully asks this Court to reconsider its decision denying her request to reopen her detention hearing and release her with conditions. Short of that, Talsky asks this Court to issue an Order requiring her dental needs be met.

Dated at Milwaukee, Wisconsin, August 15, 2013.

    Respectfully submitted,

    BIZZARO LAW LLC
        *Counsel for Nicole Talsky, Defendant.*

    /s/ Amelia L. Bizzaro
    Amelia L. Bizzaro
    State Bar No. 1045709
    2266 N. Prospect Ave, Suite 310
    Milwaukee, Wisconsin 53202
    [414] 224-5326 [phone]
    [414] 255-3484 [facsimile]
    abizzaro@bizzarolaw.com

3
Case 2:12-cr-00189-RTR   Filed 08/15/13   Page 3 of 3   Document 210